IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARKER-HANNIFIN CORP., *et al.*, | ) | CASE NO. 1:17 CV 988 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| LAIRD TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' Motion to Exclude the Testimony and Strike the Expert Declarations of Dr. Hill and Mr. Brassard. (ECF #56). Plaintiff has asked the Court excluding the testimony and striking the expert declarations of Dr. Hill and Mr. Brassard, pursuant to Local Patent Rule 4.3 and Fed. R. Evid. 403, 702 and 703. Defendant, Laird Technologies, Inc. has filed an Opposition to the Motion, (ECF #59), and Plaintiffs have filed a Reply. (ECF #60). Having reviewed all submissions by the parties, the Court finds that the motion should be DENIED.

Plaintiffs object to Dr. Hill and Mr. Brassard's testimony and reports because they argue that Local Patent Rule 4.3(a)'s use of the phrase "an expert" limits expert claim construction

discovery to a singular expert on each side. No such limitation is inherent in the rules. Words importing the singular are not a limitation and are meant to include and apply to multiples unless the context or express language dictates otherwise. In this case there is no basis in the rule to limit parties to a singular expert witness on claim construction issues. Further, the motion, on its face, seeks to preclude both expert's from offering any opinion in this case. Plaintiffs offer no grounds for precluding the introduction of an opinion from both expert witnesses.

Plaintiffs also seek to have the testimony and declarations of Defendant's experts excluded on the basis that Dr. Hill and Mr. Brassard provide needlessly cumulative and suspiciously similar testimony. A review of the arguments and the relevant law in case reveal that the reports contain some overlapping language but that each also appears to contain independent analysis. The qualifications of these experts has not been challenged, and their backgrounds and perspective appear to differ such that even that if they have overlapping conclusions, their testimony is not necessarily needlessly cumulative. Nothing in Plaintiffs' motion supports the preemptive suppression of the opinions of either or both of these witnesses. Any concerns Plaintiffs have about their opinions can be better addressed when, and if, their testimony is offered in this case. Therefore, the Plaintiffs' Motion is denied at this time. (ECF #56).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 12, 2020